UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA N. TORITTO ) <br> JOSHUA TORITTO ) <br> ) <br> ) <br> Plaintiffs ) <br> vs. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES, LLC ) <br> & ) <br> CARRIE A. BROWN ) <br> Defendants ) <br> ) | Case Number: <br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs, Andrea N. Toritto and Joshua Toritto, by and through his undersigned counsel, Bruce K. Warren, Esquire, Kavanagh & Kavanagh, LLC complaining of Defendant, and respectfully avers as follows:

I.  INTRODUCTORY STATEMENT

1.      Plaintiffs, Andrea N. Toritto (formerly known as Andrea N. Ellis) and Joshua Toritto, are adult natural persons (wife and husband) and bring this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the cause of action arose in this district and plaintiffs reside in this district.

III. PARTIES

4. Plaintiffs, Andrea N. Toritto (formerly known as Andrea N. Ellis) and Joshua Toritto, are adult natural persons (wife and husband) residing in Oaklyn, NJ (Camden County). At all times material and relevant hereto, Plaintiffs are "consumer(s)" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("PRA" or "Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New Jersey with a principle place of business located at 120 Corporate Blvd. Norfolk, VA 23502 United States

6. Defendant, Carrie A. Brown ("Defendant"), at all times relevant hereto, is and was a licensed New Jersey attorney with no bona fide within the State of New Jersey and is engaged in the business of collecting debt within the State of New Jersey.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants also attempt to collect debts owed by another. Defendants, are both "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV. FACTUAL ALLEGATIONS

7. On or about July 25, 2011, Defendants filed a "robo-signed" Civil Action Complaint against Plaintiff, Andrea for "Original Creditor, subsequently assigned for value to Plaintiff, money due and owing on an account stated, money due and owing on an open book account, reasonable value of goods sold and delivered and/or services rendered, and unjust enrichment."

8. Plaintiff has no recollection of having any account with a company named "Original Creditor".

9. Defendant Brown signed the Civil Action Complaint.

10. Plaintiff Andrea was never served with a copy of the Civil Action Complaint.

11. Defendant Brown entered a default judgment against Plaintiff Andrea and in favor of Portfolio Recovery Associates, LLC as the assignee of the company named "Original Creditor".

12. Default judgment was entered in the amount of $4,080.34.

13. Defendants did nothing with the judgment until July 14, 2014 when an Execution Against Goods and Chattels was levied upon a bank account held by the Plaintiffs to offset the amount owed to "Original Creditor" now assigned to Plaintiff.

14. The first time Plaintiffs were made aware of the judgment is when the bank notified them of the execution.

15. Plaintiff Joshua was never sued by Defendants he was merely an account holder with Plaintiff Andrea when Defendants wrongfully seized his money.

16. Plaintiffs began to investigate the alleged account named only as "Original Creditor" by Defendant Brown.

17. The account was actually a credit card account with Newport News.

17. The last payment on the alleged account was November of 2001.

18. The account information was received through Plaintiffs' investigation from the Defendants.

19. Defendants knowingly filed suit outside the statute of limitations.

20. Plaintiffs have lost thousands of dollars to repay "Original Creditor" a debt that no longer exists.

21. Defendants actions were mistake or neglect the actions were intentional.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

26. The Defendants knew that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, the conduct of Defendants, as well as their agents, servants and/or employees, was malicious, intentional, and willful.

29. As a result of Defendants', conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiffs' reputations, invasion of privacy, damage to Plaintiffs' credit, and attorney's fees to state court lawyer.

## COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendants were attempting to collect an alleged debt beyond the statute of limitations which was incurred by Plaintiff Andrea for personal, family or household purposes and is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

**V. JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

Date: October 7, 2014

Respectfully submitted,
Kavanagh & Kavanagh, LLC

BY: /s/ Bruce K. Warren
Bruce K. Warren, Esquire
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiffs