NOT FOR PUBLICATION (Doc. No. 14)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Andrea N. TORITTO & Joshua TORITTO, | |
| Plaintiffs, | Civil No. 14–7034 (RBK/JS) |
| v. | **OPINION** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC & Carrie A. BROWN, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This action comes before the Court upon the motion for summary judgment of Defendants Portfolio Recovery Associates, LLC ("PRA") and Carrie A. Brown ("Ms. Brown") against Plaintiffs Andrea N. Toritto and Joshua Toritto. For the following reasons, Defendants' Motion (Doc. No. 14) is **GRANTED**.

## I.   SUMMARY JUDGMENT STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

1

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Id.* at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

II.     **FACTUAL BACKGROUND**

On July 26, 2011, Ms. Brown filed a complaint on behalf of PRA against Ms. Toritto in the Superior Court of New Jersey, Law Division, Special Civil Part. *See* Dominczyk Decl., Ex. B; Brown Decl. ¶ 7; Dreano Decl. ¶ 19. Ms. Toritto called PRA regarding the suit on August 8, 2011. Dreano Decl. ¶ 20; Andrea Toritto Decl. ¶ 6. The Superior Court of New Jersey granted default judgment against Ms. Toritto in the amount of $4,233.95 on February 2, 2012. *Id.* ¶ 21; Dominczyk Decl., Ex. B. A Special Civil Part Court Officer levied the fund in Ms. Toritto's account with Wells Fargo Bank, N.A. ("Wells Fargo") on August 25, 2014. Dreano Decl., Exs. A & B. PRA filed motions for turnover of funds on October 28, 2014 and January 9, 2015. Dreano Decl. ¶¶ 25, 27. On November 13, 2014 and February 20, 2015, the Superior Court of New Jersey granted PRA's motions and ordered Wells Fargo to pay the levied funds to the Special Civil Part Court Officer who made the levy. *Id.* ¶¶ 26, 28, Exs. D & E. Plaintiffs filed their Complaint on November 10, 2014 (Doc. No. 1).

**III.    DISCUSSION**

Plaintiffs bring suit under various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiffs assert that Defendants violated the FDCPA by "attempting to collect an alleged debt beyond the statute of limitations" in the state court action. *See* Compl. ¶ 31. This Court has subject matter jurisdiction over Plaintiffs' claims only if brought "within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d). *See also McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 245 n.8 (3d Cir. 2014) (noting that district court's jurisdiction was pursuant to Section 1692k(d)). Defendants argue that Plaintiffs did not bring their claims within the one year statute of limitations. *See* Defs.' Br. at 11.

The Third Circuit's decision in *Schaffhauser v. Citibank* is persuasive and on point. *See* 340 Fed. Appx. 128, 130–31 (3d Cir. 2009). In *Schaffhauser*, Citibank and its counsel were granted summary judgment in a state court debt collection action against Annette and Steve Schaffhauser. *Id.* at 129. The Schaffhausers subsequently brought suit under the FDCPA in federal court, arguing that Citibank and its counsel "initiated and pursued the debt collection actions in a deceptive and abusive manner and without legitimate cause[]" because the statute of limitations on the debts at issue had expired. *Id.* at 129 & n.2. The District Court granted summary judgment to Citibank's counsel because it held that the FDCPA claims were barred by the statute of limitations. *Id.* at 130. The Third Circuit affirmed on appeal, rejecting the Schaffhausers' argument that the "continuing violation" doctrine applied to "FDCPA claims premised upon allegations of improper pursuit of debt collection litigation[.]" *Id.* at 130–31. Such claims accrue either "upon filing the underlying collection action" or "the date on which the purported debtor was served with the complaint." *Id.* at 131. "The question of when a

defendant learns that his conduct violates the FDCPA" is not relevant to the statute of limitations analysis. *See Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012) (FDCPA claims accrues on date of violation).

As in *Schaffhauser*, Plaintiffs' claims in this case are "premised upon allegations of improper pursuit of debt collection litigation[.]" *Id.* at 130–31. Ms. Brown filed the underlying collection action on behalf of PRA on July 26, 2011. Ms. Toritto acknowledged receipt of the complaint on August 8, 2011 when she called PRA regarding the underlying collection action. The statute of limitations on Plaintiffs' claims therefore expired, at the latest, on August 8, 2012. Plaintiffs did not file their Complaint in this Court until November 10, 2014, well after the statute of limitations had expired. This Court therefore does not have jurisdiction under 15 U.S.C. § 1692k(d) to consider Plaintiffs' FDCPA claims.

### IV.   CONCLUSION

Because Plaintiffs' FDCPA claims were not filed within the time required by 15 U.S.C. § 1692k(d), this Court does not have subject matter jurisdiction. Defendants' Motion for Summary Judgment is therefore **GRANTED**.


Dated:   04/05/2016                                                                s/ Robert B. Kugler
                                                                                                                             ROBERT B. KUGLER
                                                                                                                             United States District Judge